STATE of Minnesota, Appellant,

v.

Tracey Lee ROBINSON, Respondent.

No. CX–85–557.

Court of Appeals of Minnesota.

July 30, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas Foley, Ramsey Co. Atty., and Steven C. DeCoster, Asst. Co. Atty., St. Paul, for appellant.

William E. Falvey, Chief Ramsey County Public Defender, Edward J. Cleary, Asst. Public Defender, St. Paul; C. Paul Jones, Minnesota Public Defender, Renee J. Bergeron, Asst. Public Defender, University of Minnesota, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

The State appeals a pretrial order suppressing evidence seized pursuant to a search warrant. The State claims the trial court erred in concluding (1) the search warrant was an invalid general warrant, (2) the search was not conducted incident to a lawful arrest, and (3) the evidence was not admissible under a good faith exception to the exclusionary rule. We affirm.

## FACTS

On December 21, 1984, the St. Paul police obtained a search warrant authorizing

a search of the Esquire Bar in St. Paul. The warrant authorized the police to search the "premises of 823 University Ave., St. Paul, Minnesota and all persons on the premises" for drugs and evidence of drug related activities. The police based their request for an "all persons" search warrant on two controlled buys of cocaine on the premises, that lookout persons were stationed at the doors of the bar, two officers stumbled across a drug buy on another occasion, and because it was well known in the community that controlled substances would be present in the bar at any given time.

The warrant was executed by 25 officers at about 7:30 p.m., Friday, December 21, 1984. The Esquire Bar was open for business, and there were 50 to 80 patrons in the bar. When the police announced the raid, all persons in the bar were told to put their hands up against a wall or booth. Although the police attempted to enter quickly and prevent the disposal of contraband, drugs and two weapons were found discarded in the bar.

Officer Kathryn Janssen searched respondent, who stood with her hands against a booth. The officer reached in respondent's left front pocket and extracted a bag containing ten white packets. A search of Robinson's purse yielded a glass test tube container and a pill bottle containing 16 yellow pills and 17 blue pills. Respondent was arrested and charged with possession of cocaine and possession of pentazocine in violation of Minn.Stat. §§ 152.09, 152.02, and 152.15. The police searched everyone in the bar and arrested 7 or 8 persons.

On March 21, 1985, an omnibus hearing was held. After testimony from the arresting officers, the court granted respondent's motion to suppress the controlled substances seized from respondent.

## ISSUES

1. Was the warrant authorizing the search of all persons in a licensed bar during normal business hours an illegal general warrant?

2. Was the search of respondent incident to a lawful arrest?

3. Did the seized evidence fall within a good faith exception to the exclusionary rule?

## ANALYSIS

1. *General Warrant.*

The State cites *State v. Hinkel*, 365 N.W.2d 774 (Minn.1985), claiming a warrant authorizing the search of all persons in the bar was proper under the circumstances. *Hinkel* held an "all persons" warrant was proper for the search of an after hours drinking establishment where it was clear that anyone in the house would probably be involved in illegal activity. *See id.* at 776. *Hinkel* did not abrogate the requirement of probable cause.

> Under Minnesota law, a search warrant may be issued only upon "probable cause, supported by affidavit, naming or describing the person, and particularly describing the property or thing to be seized, and particularly describing the place to be searched." Minn.Stat. § 626.-08 (1984); *see* Minn. Const. art. I, § 10.

*Id.*

In *Hinkel,* the Minnesota Supreme Court established the following test to determine whether an "all persons" warrant is an illegal general warrant.

> There must be a sufficient nexus between the criminal activity, the place of the activity, and the persons in the place to show probable cause. The nexus has been described as
>
>> whether there is sufficient particularity in the probable cause sense, that is, whether the information supplied the magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence thereof on his person.

*Id.* (quoting 2 W. LaFave, Search and Seizure § 4.5, at 92 (1978)).

■ In this matter, the police were dealing with the patrons of a licensed bar operating during normal business hours. There was little likelihood that everyone in the bar on a Friday night would be involved in criminal activity. The two controlled buys by unidentified informants and other allegations in the police affidavit did not demonstrate a sufficient nexus between the illegal activity and the 50 to 80 patrons in the bar that night. The "all persons" warrant in this matter was an illegal general warrant.

2. *Search Incident to Lawful Arrest.*

■ The State also claims the search could be justified as a search incident to a lawful arrest. It claims the search was incident to a lawful arrest for knowing presence in a disorderly house. *See Hinkel,* 365 N.W.2d at 776–77. This argument is without merit. The Esquire Bar was a licensed on-sale liquor establishment operating during normal business hours. The record does not contradict the trial court's conclusion the Esquire Bar could not be considered a disorderly house under St. Paul Legislative Code § 271.01. This allegation was not contained in the warrant. Moreover, the police did not charge anyone with being present in a disorderly house.

3. *Good Faith Exception.*

■ The State claims the seized contraband should be admitted under a good faith exception to the exclusionary rule. *See United States v. Leon,* —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Since the police officers obtained a warrant, the State claims the police acted in good faith and the evidence should not be excluded. We disagree.

In *Leon,* the Supreme Court stated:
[E]vidence obtained from a search should be suppressed only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.

*Id.* at ——, 104 S.Ct. at 3419–20 (quoting *United States v. Peltier,* 422 U.S. 531, 542, 95 S.Ct. 2313, 2320, 45 L.Ed.2d 374 (1975)). The good faith exception created in *Leon* does not apply where the police can be charged with knowledge that the warrant violates constitutional protections.

The exception we recognize today will also not apply in cases where the issuing magistrate wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York,* 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979); in such circumstances, no reasonably welltrained officer should rely on the warrant. Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Finally, * * * a warrant may be so facially deficient—*i.e.,* in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

*Id.* at ——, 104 S.Ct. at 3422 (citations omitted).

We do not believe the good faith exception created in *Leon* is applicable here. The search warrant in this matter was a general warrant. A reasonably welltrained officer could not have believed the search of 50 to 80 patrons in a licensed on-sale bar during normal business hours could be conducted legally under the fourth amendment. We hold that any good faith exception to the exclusionary rule does not apply to a warrant authorizing the search of all persons in a public place.[1]

## DECISION

The trial court properly suppressed the fruits of the unlawful search of respondent. The search warrant was an illegal general warrant. The search was not incident to a lawful arrest. The search did not

1. ` Since we hold *Leon* is not applicable in this matter, we do not determine whether a good faith exception to the exclusionary rule should be recognized under Minnesota law.

fall within any good faith exception to the exclusionary rule.

Affirmed.