STATE of Minnesota, Appellant,

v.

Dorothy M. HARUT, Respondent.

No. C1–85–558.

Court of Appeals of Minnesota.

July 30, 1985.

Hubert H. Humphrey, III, Minnesota Atty. Gen., Thomas Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for appellant.

William E. Falvey, Chief Ramsey County Public Defender, Mary Ellen McGinnis, Asst. Public Defender, St. Paul, C. Paul Jones, Minnesota Public Defender, Renee J. Bergeron, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

This matter arises from a police raid on the Esquire Bar at 7:00 p.m. on Friday, December 21, 1984. The raid was conducted pursuant to a warrant authorizing the search of all persons on the premises. The facts surrounding the issuance of the warrant and subsequent raid are described in *State v. Robinson*, 371 N.W.2d 624 (Minn. Ct.App.1985).

During the raid, Officer Thomas Bergren asked respondent Dorothy Harut for her identification. She stated it was in her purse between two video games. Officer Bergren located a small coin purse between the video games. It contained respondent's driver's license, 8 marijuana cigarettes and some pills. Respondent was arrested and

later charged with possession of pentazocine.

On March 21, 1985, an omnibus hearing was held. After hearing testimony from the arresting officers, the court granted respondent's motion to suppress the controlled substances seized from respondent's purse.

## DECISION

■ The "all persons" warrant in this matter was an illegal general warrant. The search of respondent's purse was not incident to a lawful arrest and did not fall within any good faith exception to the exclusionary rule. *Robinson*, 371 N.W.2d at 625.

Affirmed.