**STATE of Minnesota, Respondent,**

v.

**Timothy J. OTIS, Appellant.**

No. C9–91–2499.

Court of Appeals of Minnesota.

Aug. 18, 1992.

Review Denied Sept. 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, James C. Backstrom, Dakota County Atty., Phillip D. Prokopowicz, Asst. Co. Atty., Hastings, for respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and PARKER and KALITOWSKI, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Timothy J. Otis challenges the trial court's determination that probable cause existed to search him pursuant to an "other individuals present" search warrant. We reverse.

## FACTS

In July 1990 Investigator Bruce Johnson applied for a search warrant to search the residence, garages, vehicles and person of Ricky Johnson. The investigator's supporting affidavit stated (1) another officer learned from a confidential reliable informant (CRI) that Johnson was involved in the sale of illegal controlled substances; (2) the CRI made a controlled buy at 4158 Rahn Road, Apartment One, Eagan, Minnesota, in the last 72 hours; and (3) Johnson had been arrested for burglary in 1988 and convicted of receiving stolen property in 1989. The search warrant application also requested authorization to search "other individuals present" on the premises. The investigator alleged:

Based on past experience and training, I have learned that, more often than not, other individuals present at a drug dealer's residence when a search is executed are also in possession of controlled substances. Authorization is therefore requested to search other individuals present at 4158 Rahn Road, Apartment One, Eagan, Minnesota, at the time the search warrant is executed.

Based on this affidavit, the trial court concluded:

[P]robable cause exists to believe that the above described property and things are or will be at the described premises, in the above described motor vehicle or on the person of Ricky Johnson and on other individuals present.

At 4:20 p.m. on July 12, 1990, the investigator and other police officers executed the search of Apartment One at 4158 Rahn Road. Appellant Timothy Otis was present. While searching Otis, officers found a plastic bag containing a substance later identified as cocaine. Otis was charged with fifth degree possession of a controlled substance. Minn.Stat. § 152.-025, subd. 2(1) (Supp.1989).

At the omnibus hearing, Otis moved to suppress evidence of the cocaine arguing probable cause did not support issuance of the search warrant. The trial court concluded probable cause to search "other individuals present" on the premises did not exist. The trial court suppressed the evidence and dismissed the complaint. But later, on its own motion, the trial court vacated the dismissal order and reinstated the complaint against Otis, concluding probable cause justified the search. Otis agreed to stipulate to the facts and was tried by the court. The trial court found him guilty of fifth degree possession of a controlled substance.

## ISSUE

Was the search of appellant pursuant to a warrant authorizing a search of "other individuals present" on the premises unconstitutional?

## ANALYSIS

In determining the sufficiency of a search warrant affidavit, the trial court is to make

a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [it], including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

State v. McCloskey, 453 N.W.2d 700, 702 (Minn.1990) (quoting Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)). This court defers to the trial court's probable cause determination, and will uphold it if there is a "substantial basis" supporting the determination. McCloskey, 453 N.W.2d at 703.

 The search warrant in this case authorized not only a search of Ricky Johnson and the premises, but also a search of "other individuals present" on the premises. Although these warrants have been upheld, "other individuals present" warrants can easily be misused. State v. Hinkel, 365 N.W.2d 774, 776 (Minn.1985); see Commonwealth v. Smith, 370 Mass. 335, 348 N.E.2d 101, cert. denied, 429 U.S. 944, 97 S.Ct. 364, 50 L.Ed.2d 314 (1976); State v. De Simone, 60 N.J. 319, 288 A.2d 849 (N.J.1972). Particularity is required to ensure the officer can reasonably ascertain and identify the persons to be searched. To uphold a search pursuant to these general warrants there must be a sufficient nexus between the criminal activity, the place of the activity, and the persons in the place. Hinkel, 365 N.W.2d at 776. The "nexus" requires

sufficient particularity in the probable cause sense, that is, whether the information supplied the magistrate supports the conclusion that it is probable anyone in the described place when the warrant is executed is involved in the criminal activity in such a way as to have evidence thereof on his person.

Id. (quoting 2 Wayne R. LaFave, Search and Seizure § 4.5 at 92 (1978)).

We conclude there is not a sufficient nexus between the alleged drug selling,

Ricky Johnson's apartment, and appellant to justify the police's search of appellant pursuant to the warrant. Accordingly, we reverse appellant's conviction.

Two cases illustrate when all-person search warrants such as the one in this case are deemed constitutional. In De Simone, for example, the search warrant authorized a search of a specific vehicle and "all persons found therein" for gambling material. The police affidavit indicated the car dropped off gambling slips at various points. The court upheld the search of all persons in the car, reasoning the car would be intercepted when next making a drop, at a time when everyone in the car would likely be connected with the illegal gambling activity. De Simone, 288 A.2d at 852.

Similarly, in Hinkel, the defendant was searched pursuant to a warrant authorizing the search of "all persons on the premises" of an illegal "afterhours joint." In upholding the constitutionality of the search, the supreme court reasoned the police had observed an "unusual amount of activity" at the residence, an informant had purchased liquor at the premises after hours, and little likelihood existed that anyone would be in the house except the participants in the "afterhours revelry." Hinkel, 365 N.W.2d at 775–76.

In contrast, two different cases demonstrate when an all-person warrant fails to pass constitutional scrutiny. First, in State v. Robinson, 371 N.W.2d 624 (Minn. App.1985), the police searched patrons of a bar during regular business hours pursuant to an all-persons search warrant. This court affirmed the trial court's suppression order, concluding the search took place during normal business hours, there was little likelihood everyone at the bar would be involved in criminal activity, and two controlled buys did not provide a sufficient nexus between the illegal activity and the bar patrons. Id. at 626.

Second, in State v. Anderson, 415 N.W.2d 57 (Minn.App.1987) the all-persons

warrant was based on an informant seeing cocaine at the defendant's residence 48 hours prior to application, the high traffic at the residence, and information that drugs had been purchased at the residence. This court affirmed the trial court's suppression order, concluding a residence, not an after-hours establishment was searched, and the search was conducted during the afternoon when any number of people could legitimately be there. *Id.* at 61.

In view of the *Robinson* and *Anderson* holdings, we believe the search of appellant was not justified pursuant to the warrant. First, the search took place during the afternoon when, like this court emphasized in *Robinson,* any number of people not involved in any criminal activity could be there. There was no good reason, in other words, to infer everyone in the residence was involved in criminal activity. This case is therefore unlike *Hinkel* and *De Simone* where common-sense inferences could be made that everyone either in the vehicle or the "after-hours" establishment was involved in criminal activity. Second, the officer's affidavit does not indicate, other than one controlled buy, that Ricky Johnson's apartment was indeed a site of frequent drug activity; hence the nexus between Johnson's apartment and the illegal drug activity is attenuated. Finally, the state's reliance on the police officer's statement that in his "experience" drugs are likely to be on other individuals present at a search of a drug dealer's residence is unpersuasive. Without an explanation how the officer's experience and expertise supports probable cause in this particular case, such allegations do not justify a finding of probable cause.

## DECISION

Probable cause did not exist to justify the search of appellant pursuant to the "other individuals present" search warrant. There was an insufficient nexus between the alleged criminal activity, the place of the activity, and appellant. Accordingly, appellant's conviction is reversed.

Reversed.